UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 2 5 2014
```

Zomara Wilson,

                    Plaintiff,

          —v—

Denise Richards and Southern District Reporters,
P.C.,

                    Defendants.

14-cv-2459 (AJN)
14-cv-6262 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

        Plaintiff Zomara Wilson brings this action *pro se* against a court reporter, Denise

Richards, and the reporter's employer, Southern District Reporters, P.C.  Plaintiff alleges that

Defendants violated her due process rights by not preparing an accurate transcript of a May 2,

2011 hearing before Magistrate Judge Gorenstein wherein Plaintiff pleaded guilty to one

misdemeanor count of aiding and abetting financial fraud.  She claims the inaccuracies impeded

her ability to subsequently withdraw her guilty plea.  Plaintiff asks the Court to (1) dismiss her

guilty plea reflected in the transcript at issue; (2) vacate her conviction or overturn Judge

Gorenstein's ruling that she could not withdraw her guilty plea; (3) reopen her criminal case for

the purpose of dismissing it with prejudice; and (4) award her $750,000 in damages.

        Plaintiff has previously filed substantially the same suit, which the Court dismissed *sua

sponte* for failure to state a claim on which relief could be granted.  *See Wilson v. Richards*, No.

14-cv-2459 (AJN) (S.D.N.Y. June 18, 2014).  The order of dismissal did not state whether the

dismissal was with or without prejudice, but because the case was dismissed without prior notice

to Plaintiff, that prior order should be viewed as dismissing the case without prejudice.  The

Court will therefore construe the most recent complaint as being accompanied by an implicit

motion to reopen or reconsider, along with a motion for leave to amend the complaint.

1

Considered as such, both of those motions are granted. For the following reasons, the amended complaint is DISMISSED.

## I.      Legal Standard

When a plaintiff proceeds *in forma pauperis*, the district court "shall dismiss the case at any time" if it determines, among other things, that the complaint fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Because Plaintiff is proceeding *pro se*, her submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Even with the benefit of liberal construction, the complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While well-pleaded factual allegations must be accepted as true, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). When evaluating whether a complaint has stated a claim on which relief can be granted, a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks and alterations omitted) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). In this case, that means that both prior orders from Plaintiff's criminal case and the transcript of her plea proceeding itself—to which the Plaintiff refers heavily and in detail, even if it were not judicially noticeable—may be considered by the Court.

As the Court explained in its prior order, Plaintiff's claim is based on a federal conviction and brought against federal officers, and therefore best understood as arising under *Bivens v. Six*

2

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although the

cause of action provided by *Bivens* for suits against federal officers is considerably narrower than

that afforded to plaintiffs suing state officials under 42 U.S.C. § 1983, there is an implied cause

of action and damages remedy under the due process clause of the Fifth Amendment. *See Davis*

*v. Passman*, 442 U.S. 228, 244, 248 (1979). A criminal defendant possesses a due process right

to a "substantially accurate" transcript in a criminal proceeding. *Argentieri v. Majerowicz*, 158

F. App'x 306, 307 (2d Cir. 2005) (summary order). More than an inaccurate transcript is

necessary to state a claim, however: a Plaintiff must also show that the alleged inaccuracies

"adversely affected the outcome" of her proceedings. *Tedford v. Hepting*, 990 F.2d 745, 748 (3d

Cir. 1993); *accord Argentieri*, 158 F. App'x at 308 (affirming summary judgment for defendant

because plaintiff was not "deprived in any way of his access to courts or right to an effective

appeal").

##        II.    Discussion

Plaintiff's first complaint was dismissed because it did not contain sufficient factual

allegations to plausibly show that the inaccuracies in her transcript adversely affected the

outcome of her proceedings or caused her any tangible harm. *See Wilson v. Richards*, 14-cv-

2459 (AJN), slip op. at 3 (S.D.N.Y. June 18, 2014). Her amended complaint, despite its

additional factual allegations, suffers from the same deficiency. Plaintiff alleges four

inaccuracies in the transcript of her guilty plea: 1) an inaccurate date on the first page; 2) an

inaccurate time at which the proceeding commenced; 3) that it reflects she was placed under oath

when the proceeding began, when she was not; and 4) that a portion of her allocution wherein

she admitted the factual basis for her plea was fabricated in the transcript. She alleges that these

inaccuracies tangibly harmed her by rendering her unable to later withdraw her guilty plea.

Plaintiff's first two allegations—that the date and time on the transcript were

inaccurate—require little discussion. Such perfunctory portions of the transcript have no rational

relationship to Plaintiff's ability to withdraw her guilty plea. Indeed, neither Judge Gorenstein

nor the Second Circuit on appeal mentioned these matters when evaluating Plaintiff's motion to

3

withdraw the plea. *See United States v. Wilson*, 09-cr-1086 (DAB) (GWG), Dkt. No. 48 (Dec. 1,

2011); *United States v. Wilson*, 523 F. App'x 30, 31 (2d Cir. 2013). Thus, even accepting these

allegations as true, they provide no basis upon which a claim may be stated.

Plaintiff's third allegation is that the transcript inaccurately reflects her being placed

under oath. She refers specifically to lines 9-14 on page 3, which reflect her being sworn in:

> 9  [THE COURT]: I'm going to ask the clerk to swear you in.
> 10 THE DEPUTY CLERK: Please stand up and raise your
> 11 right hand.
> 12 (Defendant sworn)
> 13 THE DEPUTY CLERK: Be seated.
> 14 [THE COURT]: All right, Ms. Wilson, now that you are under oath, do …

Plaintiff does not challenge the accuracy of the following lines, which read:

> 15 you understand that any answers you give to questions will
> 16 be -- any answer that you give to the questions could be used
> 17 against you in a prosecution for perjury or making false
> 18 statements?
> 19: THE DEFENDANT: Yes, your Honor.

Accordingly, even taking Plaintiff's version of the hearing as true, she acknowledges that she

understood the need to give truthful answers to the court's questions.

Plaintiff's allegations regarding the oath fail to state a claim for two reasons. First,

Plaintiff's guilty plea would still be valid even if she had not been placed under oath. She does

not contend that her statements inculpating herself were lies, and a district court is not required

to place a defendant under oath before accepting a guilty plea. The Federal Rules of Criminal

Procedure permit, but do not require, a court to place a defendant under oath before accepting a

guilty plea. Fed. R. Crim. P. 11(b)(1) ("Before the court accepts a plea of guilty or nolo

contendere, the defendant *may* be placed under oath, and the court *must* address the defendant

personally in open court.") (emphases added). It is not error to conduct a Rule 11 plea colloquy

without placing a defendant under oath. *See United States v. Asaifi*, No. 04-401-02 (RMC), 2007

WL 1322098, at *7 (D.D.C. May 3, 2007); *Hill v. West*, No. 04-cv-6601CJS, 2009 WL 3491274, at *4 n.1 (W.D.N.Y. Oct. 23, 2009); *United States v. Sanchez*, 258 F. Supp. 2d 650, 663 n.14 (S.D. Tex. 2003); *see also United States v. Journet*, 544 F.2d 633, 637 n.6 (2d Cir. 1976) (acknowledging that courts are not required to place defendants under oath at plea hearing).

Second, Plaintiff has already presented the claim that she was not placed under oath to Judge Gorenstein and to the Second Circuit in her direct appeal of her criminal conviction, and both found it without merit. When attempting to withdraw her plea, Plaintiff made no indication either that the statements she made at the plea colloquy were false or that they were not under oath. *See United States v. Wilson*, 09-cr-1086 (DAB) (GWG), Dkt. No. 43-1 (Sept. 16, 2011). Judge Gorenstein, considering Plaintiff's claim that the transcript was inaccurate after Plaintiff raised them to him in a post-judgment letter, explained that even if true the changes to the transcript "would not affect the validity of the guilty plea" and were not material. *Id.* at Dkt. No. 54 (Apr. 10, 2012). Meanwhile, Plaintiff defaulted on the claim that she was not put under oath in her appeal to the Second Circuit, even though she was fully aware of it by that time. Despite this, the circuit court explicitly noted that "the record reveals that Wilson was under oath when she pleaded guilty." *See United States v. Wilson*, 523 F. App'x 30, 31 (2d Cir. 2013). Plaintiff will not be permitted here to relitigate a claim she has already lost in her criminal case.[1]

Finally, Plaintiff's allegation that portions of the transcript where she confirmed the factual basis for her plea were inaccurate could not plausibly have caused her inability to

---

[1] Were 28 U.S.C. § 2255 available to Plaintiff, she would have procedurally defaulted this claim by failing to raise it in her direct appeal. The Second Circuit recently reserved the question of whether a plaintiff may use § 1983 or *Bivens* in a manner that would directly undermine her conviction when habeas corpus is not available. *See Poventud v. City of New York*, 750 F.3d 121, 125 n.1 (2d Cir. 2014) (en banc); *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014). Even so, there is no reason why *additional* grounds for relief from a conviction should become available because Plaintiff received a noncustodial sentence and therefore could not pursue habeas. Ultimately, though, the complaint is insufficient regardless of whether Plaintiff defaulted her claim.

withdraw her plea.  Plaintiff claims that lines 6-10 of page 13 of the transcript contain

falsehoods.  That exchange, as reflected on the transcript (with the previous lines provided for

context), reads:

> 4  THE COURT: [To the Defendant] I noticed you read [your statement of facts] from a
>       statement.  Does
> 5  that statement accurately state what happened?
> 6  THE DEFENDANT: Yes.  Yes, your Honor.
> 7  THE COURT: Did it happen just the way you stated it
> 8  there?
> 9  THE DEFENDANT: Yes, your Honor.
> 10  THE COURT: Anything else the government wants to ask.

Plaintiff's allegation is that she simply answered "Yes" in line 6 before being cut off by the

prosecutor (which is not reflected in the transcript), and that the remainder of the exchange never

happened.  However, even taking as true the allegation that the above-quoted exchange did not

occur after the first "Yes" in line 6, an accurate transcript would still reflect that Plaintiff had

confirmed the basis for her plea.  First and foremost, Plaintiff admits that she responded "Yes" to

the court's question whether her statement of facts accurately stated what happened.  Second, in

that statement of facts, Plaintiff provided a full explanation of her participation in the crime, and

she raises no question as to the accuracy of this portion of the transcript:

> On or about January 2009, I was employed as an admissions representative at Anthem
> Institute of Manhattan.  Anthem is a for-profit vocational technical school.  On or about
> January 2009, as part of my employment, I met with a prospective student by the name of
> Chanel Young, whom I screened for admission into Anthem.  As part of my
> responsibilities I made an appointment for her to meet with financial aid, for the purpose
> of her applying for financial aid and advised her that she would need to bring with her a
> GED certificate.  I was aware that the GED certificate in her file was not authentic, since
> the date of the certificate was the date she was still in high school.  By passing through
> her file through the financial office, I aided and abetted Ms. Young [sic] attempt to
> receive financial aid, which she was not entitled to receive without a valid GED
> certificate.

Even according to Plaintiff's allegations, then, the transcript accurately reflects that she made

this statement about her guilt, and that she responded "Yes" when the court sought to confirm

that this statement was accurate.  That is enough to make clear that even the inaccuracies Plaintiff alleges could not plausibly be understood to have materially altered either the plea hearing or her subsequent attempt to withdraw her plea.  A transcript that fully reflected the events as she describes them would still contain a sufficient factual basis for her plea.

There is yet another ground for dismissing the portions of Plaintiff's complaint seeking non-monetary relief.  Plaintiff has sued the court reporter at her hearing and the court reporter service for the Southern District of New York, though in large part the relief she seeks is essentially to overturn her conviction.  These Defendants do not have the power to vacate a conviction, reopen a case, or dismiss a guilty plea, so claims for such relief cannot be stated against them.  Indeed, it is difficult to conceive of a hypothetical defendant against whom Plaintiff could state a claim for such relief who would not have absolute immunity from suit.

Between her criminal case, her direct appeal, and the two complaints filed in this action, Plaintiff has had multiple opportunities to present the arguments that underlie her amended complaint.  The Court's previous order put her on notice of the deficiencies in her complaint, and they have not been cured.  Accordingly, the complaint is dismissed with prejudice.

### III.    Conclusion

To conclude, the Court construes Plaintiff's filing of a new complaint as a motion to reopen and reconsider her previous action, and for leave to file an amended complaint.  Those motions are GRANTED.  Accordingly, the Clerk is requested to file the complaint at Docket No. 1 in Case No. 14-cv-6262 as a motion to reopen and reconsider under Federal Rule of Civil Procedure 60 in Case No. 14-cv-2459.  Case No. 14-cv-6262 should be administratively closed.

For the foregoing reasons, the action is DISMISSED with prejudice for failure to state a claim on which relief can be granted.  The Clerk is therefore requested to terminate Case No. 14-cv-2459 as well.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith and, therefore, that *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: _____, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge

8